FILED

2019 AUG 23  PM 3: 35

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

1  PEDRO HERNANDEZ

2  Mailing Address:

3

4  18041 APACHE LANE.

5  CHINO HILLS, CA 91709-3940

6

7  (661) 212 7135

8

9

10            **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12  Pedro Hernandez,              )   Case No.  CV19-7354·CAS (MRWx)

13                                )

                   Plaintiff,     )   **COMPLAINT FOR:**

14                                )

15     VS.                        )    unlawful DEBT COLLECTION

                                  )    PRACTICES

16  CAPITAL ONE                   )

17                                )    unlawful ROSENTHAL FAIR DEBT

    (DOES 1-5)                    )    COLLECTION PRACTICES

18                                )

19                                )    FAIR CREDIT REPORTING ACT

                                  )

20                                     **Jury Trial Demanded:** Yes

21

22     **DEFENDANT(S).   )**

23  ─────────────────────────────────────────────

            **I. COMPLAINT**

24            **INTRODUCTION**

25     1.  This is an action for damages brought by an individual consumer against

26

27  Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

28  1692, et seq. (FDCPA) and the California Rosenthal Act, Civil Code § 1788.2 et.

1

seq. (Rosenthal Act) both of which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.  This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (FCRA) which prohibits furnishers from reporting false and inaccurate information.

## II.  JURISDICTION AND VENUE

3.  This Court has jurisdiction under:  15 U.S.C. sec. 1692 k (d), 15 U.S.C. sec. 1681(p)(b), and 28 U.S.C. sec. 1331,1337. Supplemental jurisdiction exist for the state law claims pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b) where that the defendant transact business here and the conduct complained of occurred here.

## III.  PARTIES

4.  Plaintiff's name is: Pedro Hernandez Plaintiff resided at California. Plaintiff is a consumer within the meaning of 15 U.S.C. sec. 1692 a (3), 15 U.S.C.§ 1681 a (c).

5.  Defendant: CAPITAL ONE (DOES) is a "debt collector" within the meaning of 15 U.S.C. 1692 a(6); a furnisher of information within the meaning 15 U.S.C. § 1681 a(b) doing the business of collecting debts in California, operating from an address: P.O. Box 30285 SALT LAKE CITY, UTAH  79998.

6.  Defendants are engaged in the collection of debts from consumer using the mail and telephone. Defendants regularly engaged as furnishers of consumer Transunion, Experian, Equifax credit file. Defendant regularly attempt to collect consumer debt alleged to be due to another.

7.  The true names and capacities, whether individual, corporate ( including officers and directors thereof), associates or otherwise of Defendant sued herein as DOES 1-5, inclusive, are unknown to plaintiff, who therefore sues these Defendant(s) by such fictitious names. Plaintiff is informed and believes, and all alleges that each Defendant designated as DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

8.  The purported debt that defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

9.  Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h)

10. The purported debt that defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

11. Experian, Transunion, Equifax is a credit reporting agency within the meaning of FCRA 15 U.S.C. § 1681a(f).

12. Consumer credit report is a consumer report within the meaning of the FCRA 15 U.S.C. § 1681 a (d).

13. FCRA 15 U.S.C. § 1681 b  defines the permissible purposes for which a person may obtain a consumer credit report. Such permissible purposes as defined by 15 U.S.C. 1681b are generally if the consumer makes applications for credit, makes application for employment, for under writing of insurance involving the consumer, or is offered a bonafied offer of credit as a result of the injury.

14. Plaintiff has never had any business dealing or any accounts with made applications for credit from, made application for employment with, applied for insurance from or received a bonafied offer of credit from the defendant.

## IV.   STATEMENT OF FACTS

15. Plaintiff has an inactive credit card account charged off with Capital One, a nationally recognized credit card provider.

4

16. The inactive credit card account in question as furnished by American Express are as follows: #  515676903360...

17. Beginning around December, 2016, an imposter, using Plaintiff name and his previous address on 18041 Apache Lane  Chino Hills, California, submitted a credit application to American Express.

18.  Capital One granted the imposter's application and sent the imposter a credit card # 515676903360... in Plaintiff's name.

19. In August, 2018. Capital One discovered the fraud, closed and charged off the account # 515676903360.

20. Plaintiff sent his sequence of following first letters to the 3 credit bureau agencies (Transunion, Experian, Equifax) disputing the closed account negatively being reported as of  08/2018 by Defendant.

21.  On August, 2018, Plaintiff secured his Transunion, Equifax, Experian credit report from www.annualcreditreport.com.

22. The Transunion, Experian, Equifax, general policy and procedure for investigating disputed information is to contact by mail or telephone the source of the information. Each source is advised for consumer dispute and is requested to verify the accuracy and/or completeness of the information reported.

23.  Plaintiff disputed with the three credit bureau reporting agency(s) inaccurate information being reported. Plaintiff requested in writing to the Defendant American Express certified mail and requested of defendant to show proof of debt (debt validation request) upon 30 day notice to reply in accordance with FDCPA 15 U.S.C. §1692 g. 15 U.S.C. 1681i, also informing defendant(s) of their violations of the FCRA. I am not in receipt of any original document which verifies that I have a contract with Capital One. I am not in receipt of any original document which verifies that I have a contract with Capital One or DOES.

24.  In order to comply with Section 623(b) when a consumer disputes the accuracy of information reported by the defendant to a consumer reporting agency, defendant shall either verify the information with the original account records within the time period set forth in the Fair Credit Reporting Act or take all necessary steps to <u>delete the information</u> from the files of all consumer reporting agencies to which the information was reported.

25.  The reports is misleading to such an extent that it can be expected to adversely affect credit decisions. Plaintiff  had no knowledge (Defendants) was re-reporting on his credit profile.

26.  Defendant(s) continued pursue in attempt to collect on the any alleged debt without proper validation constitute non-compliance and total disregard of federal law.

27. As a result of the acts alleged above, the defendant has not proved or established that I am the person who applied for or used this credit card. Plaintiff has suffered multiple stressful events and stress related symptoms: headaches, worry, trouble sleeping, weight loss and economic discomfort.

28.  Plaintiff did / do not believe that he owe the alleged debt to Capital One, moreover Plaintiff had no way of determining whether the amount Capital One DOES demanded was a fair and accurate calculation of the Capital One account # 515676903360.

29.  Capital One is a subsidiary of another corporation, which does not issue Plaintiff account and does not seek collection on the account. Capital One and DOES violates the Rosenthal and FDCPA Act as well as, and not limited to the FCRA.

30.  Defendant(s) at no time has communicated with plaintiff what justification they may have had to obtain Plaintiff (consumer) profile.

31.  Plaintiff discovery of violations brought forth herein occurred in September 2018 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p FDCPA 15 U.S.C. § 1692 k (d).

# V.  CAUSES OF ACTION

## FIRST CAUSE OF ACTION

Violations of FDCPA 15 U.S.C. 1962 et.,seq.

**(As against Defendant(s):** Capital One (DOES 1-5)

32.  Plaintiff re-alleges and incorporates paragraphs 15-31. Defendants violated the FDCPA. Defendants violations include, but are not limited to, the following:

(a)  The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

(b)  The Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the legal status of the debt;

(c )  The Defendant violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(d)  The Defendant violated 15 U.S.C. § 1692 f by using unfair or

unconscionable means to collect or attempt to collect a debt;

      (e)   The Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law.

33.  As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and court fees and costs Pursuant to 15 U.S.C. § 1692k

## SECOND CAUSE OF ACTION

Violation of FCRA 15 U.S.C. SEC. 1681 b

**As against Defendant(s):** Capital One (DOES 1-5)

34. Plaintiff re-alleges and incorporates by reference all of the foregoing paragraph.

35. Defendant violated the FCRA, Defendant violation include, but are not limited to, the following:

      (a)   The Defendant violated FCRA 15 U.S.C. § 1681b (f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. § 1681b.

      (b) The Defendant is a furnisher of information within the meaning of the FCRA 15 U.S.C. § 1681s-2(b)(1)(A)

(c ) by after receiving notice pursuant to § 1681i of dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.

(d) Plaintiff re-alleges and incorporate by reference all foregoing paragraphs. Based on the foregoing consumer credit reports. Defendant(s) willfully violated the FCRA 15 U.S.C. § 1681s-2(b)(c) by, after receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the Plaintiff pertaining to the account.

36.   Actions on the part of defendant demonstrates a willful disregard for federal law and constitutes a blatant attempt to injure or ruin the credit rating of plaintiff since defendant has demonstrated an inability to validate the alleged debt and subsequently attempted coerce payment. 15 U.S.C sec. 1681 .

37.   As a result of the above violations of the FCRA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and court fees and costs Pursuant to 15 U.S.C. § 15 U.S.C. §1681n (a) (3) and 15 U.S.C. §1681o (a).

# I. REQUEST FOR RELIEF

**WHEREFORE,** the Plaintiff requests:   That this court grant judgement against defendant(s) each for first claim for relief

38.) Actual damages in the amount of **$15,028.00**  2.) Punitive & Statutory

damages 15 U.S.C. sec. 1692 d (1), 1692 e, 1692 f (6) 1692 g Remedies 1692 k,

**$ 1,000 per defendant** & Rosenthal Fair Debt Collection Practices Act, Cal

Civ. Code § 1788.30 (b) **$1,000.00** per defendant 3.) cost

and reasonable fees pursuant to the Rosenthal Fair Debt Collection Practices Act,

Cal Civ. Code § 1788.30 (c)   determined by jury. 4.) Any relief as this

Honorable Court see fit.

39.)  That this court grants judgment against defendant(s) each for second claim

for relief  1.) Actual damages in the amount of **$15,028.00** 2.) Punitive and

Statutory damages in the amount of **$ 9,000.00** FCRA 15 U.S.C. sec.1681b,

1681i, 1681s-2,1681 n & o **$1000.00** per bureau defendant  3.)  court fees and

cost to be determined by jury 4.) Any relief as court see fit.

40.)  Actual damages in the amount of **$6,000.00**  2.) Punitive & Statutory

damages 15 U.S.C. sec. 1692 d (1), 1692 e, 1692 f (6) 1692 g Remedies 1692 k,

**$ 1,000** & Rosenthal Act § 1788.30 **$1,000.00** per defendant 3.) legal cost

and fees determined by jury. 4.) Any relief as the court see fit.

Date:    8/22/2019

Sign:    *Pedro Hernandez*

Print Name: *Pedro Hernandez*

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial by jury on all issues so triable as a matter of law.

Date:    8/22/2019

Sign:    *Pedro Hernandez*

Print Name: *Pedro Hernandez*

**PEDRO MAURICIO HERNANDEZ** | Report # **1678-9226-44** for **08/09/18**

**CAPITAL ONE** Partial account # 515676903360....    PO BOX 30285, SALT LAKE CITY, UT 84130 or (800) 227 4825

| | | | |
|---|---|---|---|
| **Date opened** Dec 2016 | **First reported** Dec 2016 | **Recent balance** $15,028 as of Aug 2018 | **Payment history** |
| **Address ID #** 0179552674 | **Terms** Not reported | **Status** Account charged off. | |
| **Type** Credit card | **Monthly payment** Not reported | $15,028 written off. $15,028 past due as of | |
| **Responsibility** Individual | **Credit limit or original amount** $15,028 | Aug 2018. This account is scheduled to continue on record until Nov 2024. | |
| | **High balance** $15,028 | **Comment** Account previously in dispute - investigation complete, reported by data furnisher | |
| | | **Comment:** Account closed at credit grantor's request. This item was updated from our processing of your dispute in Jul 2018. | |
| | | **Date of Status** Aug 2018 | |

Payment history:

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2018 | OK | 30Y | 60Y | 90Y | 120 | 150 | CO | CO | | | | |
| 2017 | Full Year - In Good Standing | | | | | | | | | | | |
| 2016 | | | | | | | | | | | | OK |

**Account History \*** (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Jul18 | Jun18 | Apr18 | Mar18 | Mar18 | Jan18 | Dec17 | Nov17 | Oct17 | Sep17 | Aug17 | Jul17 | Jun17 | May17 | Apr17 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AB ($) | 15,028 | 14,843 | 14,753 | 14,661 | 14,578 | 14,486 | 14,187 | 14,294 | 14,586 | 14,774 | 14,644 | 14,649 | 14,417 | 13,997 | 13,029 |
| DPR | Dec11 | Dec11 | Dec11 | Dec11 | Dec11 | Dec11 | Dec11 | Nov10 | Oct10 | Sep11 | Aug10 | Jul10 | Jun09 | May10 | Mar27 |
| SPA ($) | ND | 284 | 284 | 284 | 464 | 464 | 425 | 441 | 437 | 451 | 448 | 435 | 432 | 409 | 369 |
| AAP ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

| | Mar17 | Feb17 | Jan17 |
|---|---|---|---|
| AB ($) | 11,555 | 10,837 | 2,291 |
| DPR | Feb09 | Feb09 | ND |
| SPA ($) | 344 | 278 | 25 |
| AAP ($) | ND | ND | ND |

Between Jul 2018 and Jul 2018, your credit limit/high balance was $15,028        Between Jan 2017 and Jun 2018, your credit limit/high balance was $15,000

*Exhibit C1* (handwritten)

13. (handwritten)

**CapitalOne**

P.O. Box 30281
Salt Lake City, UT 84130-0281

6853
UF

June 6, 2018

Pedro M Hernandez
Apt 7 5030 Sepulveda Blvd
Sherman Oaks, CA 91403

Re: Account ending in xxxxxxxxxxxx2344

Dear Pedro M Hernandez,

We're writing to you about a dispute you sent to one of the credit bureaus for your credit card account
ending in xxxxxxxxxxxx2344. However, the information the credit bureau sent to us may not have
contained everything needed for us to fully understand the reason for your dispute.

You can help us research this by sending us the information listed below:

☐ Any **supporting documentation**, such as your credit report, showing that we've sent
incorrect information to the credit reporting agencies
☐ A **copy of this letter**

Within 30 days of getting this information from you, we'll be able to get back to you. You can send it
all in the enclosed envelope to:

Capital One®
P.O. Box 30281
Salt Lake City, UT 84130-0281

For more information about credit bureau reporting, please see the Credit Bureau Frequently Asked
Questions on our website, www.capitalone.com/credit-cards/faq.

Sincerely,

Capital One® Credit Bureau Resolutions

JB100923 6784_002      © 2018 Capital One. Capital One is a federally registered service mark. All rights reserved.      006559 / QA· 6543/DOM

**Account name**
CAPITAL ONE

PO BOX 30285
SALT LAKE CITY, UT 84130
800 227 4825
**Address identification number**
0179022710

**Account number**
515676903360....

**Type**
Credit Card
**Terms**
NA

**Recent balance**
$14,486 as of
01/13/2018

**Credit limit or
original amount**
$15,000
**High balance**
$14,920
**Monthly payment**
$464
**Recent payment
amount**
$0

**Date opened**
12/2016

**Date of status**
01/2018
**First reported**
12/2016
**Responsibility**
Individual

**Status**
Open/Never late.

**Account history**

| 2018 | 2017 | | | | | | | | | | | | 2016 |
|------|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|------|
| Jan  | Dec  | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | Dec  |

**Balance history**

The following data will appear in the following format:
Date: account balance / date payment received / scheduled payment amount / actual amount paid
Dec 2017: $14,167 / Dec 11, 2017 / $425 / No data
Nov 2017: $14,294 / Nov 10, 2017 / $441 / No data
Oct 2017: $14,566 / Oct 10, 2017 / $437 / No data
Sep 2017: $14,774 / Sep 11, 2017 / $451 / No data
Aug 2017: $14,644 / Aug 10, 2017 / $448 / No data
Jul 2017: $14,649 / Jul 10, 2017 / $435 / No data
Jun 2017: $14,417 / Jun 09, 2017 / $432 / No data
May 2017: $13,997 / May 10, 2017 / $409 / No data
Apr 2017: $13,029 / Mar 27, 2017 / $369 / No data
Mar 2017: $11,555 / Feb 09, 2017 / $344 / No data
Feb 2017: $10,637 / Feb 09, 2017 / $278 / No data
Jan 2017: $2,291 / No data / $25 / No data

15.



Exhibit # 1

16.